CLARENCE BAKER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 6879

March 8, 1973                    506 P.2d 1261

*Morgan D. Harris,* Public Defender, and *Michael A. Cherry,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District Attorney; *Charles L. Garner,* Chief Deputy District Attorney; *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant appeals from his conviction for the sale of narcotics in violation of NRS 453.030 and NRS 453.210(2), and the refusal of the trial judge to grant him probation.

1. During the course of cross examination one of the state's witnesses spontaneously referred to the appellant as an "addict." Counsel for the appellant approached the bench, the jury was excused and an unreported conference was held between the attorneys and the district judge. After that conference, upon an inquiry from the prosecutor, the district judge recited for the record that counsel for the appellant was not moving for a mistrial but only that the jury be admonished to disregard the remark of the witness.[1] The appellant does not complain in any particular about the scope of the admonition.[2] Counsel for the appellant admits that he did not move for a mistrial. The reference to the appellant was not so inherently prejudicial that the trial judge was compelled to preclude the statement *sua sponte,* nor to grant a mistrial *sua sponte*. See: Boone v. State, 85 Nev. 450, 456 P.2d 418 (1969); Wilson v. State, 86 Nev. 320, 468 P.2d 346 (1970).

2. Appellant's counsel also concedes that the district judge imposed a legal sentence upon the appellant and he admits that no error was committed.

Affirmed.

---

[1]The recitation of the court in pertinent part reads as follows:

"THE COURT: He is not moving for a mistrial at this time. He is just moving that the jury be admonished to disregard Mr. Litton's statement relating to when an addict is gone with all my money. . . ."

[2]From the record it appears that the witness was admonished against any further reference to the appellant as an addict but it does not appear that the jury was admonished to disregard the remark of the witness.